Emilio Feliciano, Petitioner and Appellee, *v.* José G. López, etc., Respondent and Appellant.

No. 6187. Argued February 8, 1933.—Decided April 28, 1933.

J. Henri Brown, C. Ruiz Nazario, G. E. González, and G. Benítez Gautier for appellant. Martínez Nadal & Martínez Rivera for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

On February 1, 1932, Emilio Feliciano, an insular policeman, entitled to the benefits of Act No. 52, of July 11, 1921 (Sess. Laws, p. 374), since 1925, was informed by the district chief that he had received a telegram from the Police Headquarters notifying him that his retirement had been ordered, to take effect immediately. From that time the plaintiff was retired from the service. On February 4, 1932, the Insular Police Commission notified the Savings and Loan Fund Association of the Employees of the Insular Government of Puerto Rico that said policeman had been retired. On February 9 of the same year, attorneys Martínez Nadal and Martínez Rivera wrote a letter to the said association, requesting its president and board of directors to proceed, in accordance with section 20 of Act No. 52 of 1921, to notify the heads of offices and departments of the Insular Government of the physical disability of the petitioner and of the fact that the latter had for that reason ceased as an employee of the Government, so that said heads of departments and offices might order that, on making up the next pay-roll, there should be deducted from the salary of each and every one of the employees covered by the Act creating the association, the amounts specified in said Act, and so that the total of the sums thus deducted might be paid to the petitioner as his insurance for physical disability. The president and the board of directors refused to comply with the request of the petitioner, who thereupon applied for the issuance of a writ of mandamus directed to the president of the Savings and Loan Fund Association of the Employees of the Insular Government of Puerto Rico, or to the board of directors of said association, commanding them to proceed immediately, without any excuse or pretext whatsoever, to comply with the ministerial duty imposed upon them by section 20 of the above-mentioned act. An alternative writ was issued by the District Court of San Juan, and after the case had been sub-

mitted, said court, on July 15, 1932, decreed the issuance of a peremptory writ of mandamus directed to the respondent, commanding him, as president of the said association, to comply with the executive duty of notifying the heads of offices and departments of the Insular Government, of the physical disability of the applicant, Emilio Feliciano, so that the said heads of offices and departments might act in conformity with said notice. An appeal from that judgment was taken by the respondent, who has assigned eight errors.

We shall proceed to examine preferentially the third, fourth, and seventh assignments that involve practically the same question and are related to the other assignments, with the exception of the sixth, which we shall discuss in another place. The respondent urges the following:

"(3) The District Court of San Juan erred in holding that the provisions of section 12 of the regulations of the Savings and Loan Fund Association of the Employees of the Insular Government of Puerto Rico do not have to be complied with directly by the employee coming under Act No. 52, of July 11, 1921, as amended and in force, but by the department or office where the employee renders service; and likewise in holding that the duty of the employee, according to said section 12, is supplementary or accessory to the duty of the department or office where the said employee renders service, in case such department or office does not carry out the provisions of said section.

"(4) The District Court of San Juan erred in concluding in its judgment that the petitioner, either directly or through the Chief of the Insular Police, fulfilled the condition precedent established in section 12 of the Savings and Loan Fund Association of the Employees of the Insular Government of Puerto Rico, which constitutes a prerequisite to the right of the applicant to claim the payment of his insurance.

"(7) The District Court of San Juan, in its said judgment, erred in holding that a declaration of disability made by any office or board of the Insular Government of Puerto Rico as to any employee coming under the provisions of Act No. 52, of July 11, 1921, as amended and in force, is obligatory on the board of directors and on the president of the association for the purpose of carrying out section 20 of said Act, without it being necessary to allege and

prove such disability before said board of directors, independently of any disability declared by said other board or department of the Government.''

We transcribe below the findings of the lower court which have given rise to those assignments of error:

''It is alleged by the respondent that section 12 of the regulations imposes upon the applicant a duty to fulfill, which has been ignored by him. Accordingly, respondent copies in his answer said section 12, which reads as follows:

'' 'Every member of the association in active public service who alleges that he has become permanently incapacitated for the discharge of his duties, by reason of accident or disease, shall send his application to the board of directors, stating the facts of the case, said application to be accompanied by a sworn medical certificate from which such disability appears, if such be the case.'

''Really, the applicant does not allege that he complied with this section of the regulations; but such requisite of the regulations is only supplementary in case the department or office where the official declared physically incapacitated was rendering service fails to comply therewith. In the instant case, as stated in the answer,

'' ' . . . . . the respondent admits that the Savings and Loan Fund Association of the Employees of the Insular Government was notified by the Insular Police Department of the petitioner's separation from the service. . . . .'

''And further on, in the same paragraph, the respondent alleges—

'' 'That the plaintiff ceased to be an employee, in active public service, of the Government of Puerto Rico on February 1, 1932. That notice of such fact was given to the association . . . . . by the office of the Chief of the Insular Police and not by the applicant, on February 4, 1932. That after the employee had ceased in office— that is, on February 9, 1932, . . . . . he himself addressed the president . . . . . demanding the payment of his insurance. . . . .'

''If these facts are accepted, we must arrive at the following conclusions: (1) That the employee was separated from the service by reason of physical disability; (2) that the notice was given to the association by the Chief of the Insular Police; and (3) that notwithstanding that fact, the applicant renewed his application for retirement that had already been made by the Chief of the Insular Police.''

In the estimation of the trial court, the notice given by the office of the Chief of the Insular Police to the said association, to the effect that the plaintiff had been separated from the service for physical disability is sufficient to oblige the president to notify the heads of offices and departments of the fact, so that they may order the proper deductions. According to the lower court, the president of the association cannot challenge, investigate, or question the fact of the disability. His duty is purely executive and ministerial, and in carrying it out he can exercise no discretion whatsoever.

The respondent demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action, and asked that the allegation that the association was notified of the plaintiff's separation from active service be stricken out as immaterial.

We have seen that after the association was notified by the office of the police, the petitioner requested said association to give notice of his physical disability and of his retirement to the heads of offices and departments, and that the association refused to do so. The respondent alleged in his answer, among other things, that the petitioner had not complied with the provisions of section 12 of the regulations, nor did he furnish the association with the application and sworn medical certificate required by said regulations.

The duty of every head of an office or department to notify the board of directors arises from section 6 of Act No. 52 of 1921, as amended in 1927, which reads as follows:

"The board of directors shall keep a register of all the employees of the Insular Government of Puerto Rico who have accepted the benefits of this Act, in which shall be noted entrances by appointment, and separations by death or discharge.

"Every chief of an insular office or department bound under the law to certify the pay-roll of the employees of his office or department shall report to the board of directors every appointment, death, resignation or discharge of an employee when the same takes place, and whenever an employee is granted leave of absence with

pay in advance he shall note on the corresponding pay-roll that said employee has not expressed his intention of resigning upon the expiration of his leave of absence. In case that it is the intention of the employee to resign his office, it shall be the duty of the said chief of department to direct that such amount as may be necessary to pay any indebtedness of said employee to the Association of Employees of the Insular Government of Puerto Rico, shall be deducted.''

The act provides that the board of directors shall keep a register wherein it shall note entrances by appointment and separations by death or discharge. It is clear that in order to fulfill this requirement, said board of directors must be informed of entrances and separations, and it is for this reason that section 6 prescribes that heads of offices and departments shall give notice of appointments, deaths, and discharges.

There is no statutory provision whatever converting the heads of offices and departments into final judges of physical disability for the purpose of the collection of insurance. Certainly that does not seem to be the intention of the Legislature. On the contrary, the act says that the association shall be governed by a board of directors and authorizes this board to appoint one or more physicians to examine the employees who apply for insurance for physical disability. And it is natural that this should be so. The board must have some authority to ascertain, in a case like the present one, whether or not a permanent disability is involved.

Section 25 of the act provides that every newly appointed employee shall present, on the blank furnished by the association, a sworn medical certificate in regard to his state of health, which shall be proved by an examination by one or more physicians appointed by the board of directors. There shall also be submitted to the corresponding physical examination those members who request insurance for physical disability and those who at any time ask to be admitted to the association, it being provided that the Commissioner of Health of Puerto Rico shall cooperate with the association

for the purpose of said physical examinations and shall furnish all means for diagnosis, such as laboratories, X-rays, etc., free of any cost.

This section shows that it is the board that appoints the physicians who are to ascertain the state of health of the employee, when new appointments are involved. When the law provides that those members who ask for insurance for physical disability shall be subjected to the corresponding physical examination, it is impliedly saying that the same procedure should be followed as for newly appointed employees. Section 12 of the regulations does nothing more than to adjust itself to the provisions of the act when it prescribes that the facts of the case should be stated in the application which the employee sends to the association, accompanied by a sworn medical certificate showing the permanent disability. This board, which designates the physicians who are to ascertain the employee's state of health, has duties to fulfill, and one of them is to see that the employee to whom insurance is paid is really and permanently incapacitated to perform his official duties. In addition to these provisions of section 25, which indicate where the power to consider these applications resides, we think, as is pointed out in the case of *Muñoz* v. *Ramos,* 39 P.R.R. 366, that said power arises from the necessity for an examination and approval or rejection of each claim as presented, from the fact that the board of directors is the governing body of the association, and from the further circumstance that the board has the power to formulate reasonable regulations for carrying the law into effect. It has not been proved in this case that the plaintiff presented an application stating the facts, accompanied by a sworn medical certificate, as the regulations provide. The only thing the petitioner did was to apply, through his attorneys, to the association, asking that notice of the fact of his physical disability and of his retirement be given to the heads of offices and departments of the Insular Government. The petitioner is not in a posi-

tion to demand that the president or the board of directors give said notice until he complies with the prior requisites prescribed by the law and its regulations.

The respondent urges that the lower court erred in holding that the petitioner did not know or could not presume, while he was in active public service, that he was going to be declared physically incapacitated for service, and that in taking such action the District Court of San Juan failed to give full scope and legal effect to the decision of this Court in the case of *Acosta* v. *Pension Board,* 42 P.R.R. 796. This is the sixth of the errors assigned by the defendant.

According to section 19 of the act, ''The board of directors of the institution, having been organized, shall prepare such rules and regulations as may be necessary for the application of this Act, and such rules and regulations shall have the force of law.'' Section 12 of the regulations provides, among other things, that every member of the association in active public service who alleges permanent incapacity to perform his duties, by reason of accident or disease, shall send his application to the board. The respondent interprets this provision in the sense that only an active member has the right to present the application and cites in his support the case of *Acosta* v. *Pension Board, supra.* In said case, sections 3 and 9 of the pension Act approved in 1925 were construed; now we are construing a regulation. The board has power to prescribe such reasonable rules and regulations as may be necessary for the execution of the law. We do not see the need or reasonableness of a provision that deprives an employee, suddenly separated from his position, of the right to present his application within a reasonable time. In the instant case, although it is true that in October, 1931, the petitioner suffered a heart attack and was absent on leave for some time, it is not less true that he returned to his work as an employee and that while he was discharging his duties he was notified by telegraph that he had been retired from the service. In these circumstances, justice and equity

demand that he be given an opportunity to submit his evidence in regard to the alleged disability. As appears from the stipulation of the parties which was introduced in evidence, the respondent admitted that the plaintiff was retired from the Insular Police Force of Puerto Rico because, in the judgment of said commission and of its physicians, he was incapacitated for service. Section 20 of the Act, as amended in 1927, provides that whenever one of the members of the association becomes permanently incapacitated to discharge his official duties by reason of accident or disease, he shall be entitled to insurance in the form specified in said section. We have already said that there is no provision in the statute which could have the effect of converting the heads of offices or departments into final judges of physical disability, and we must add that the law speaks of permanent disability and that the only thing proved in this case is that the plaintiff was separated from his position because, in the opinion of the Insular Police Commission and of his physicians, he was incapacitated for service, without stating whether or not this disability was permanent.

The judgment appealed from must be reversed and the petition in mandamus denied, without special imposition of costs.

Mr. Justice Wolf dissented.